1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12   DRUM LODGE, LLC,                    No. 2:24-cv-00219 WBS JDP

13             Plaintiff,

14        v.                             ORDER

15   MARTEL CONSTRUCTION, INC.,

16             Defendant.

17

18                          ----oo0oo----

19        Congress passed the Federal Arbitration Act, 9 U.S.C.

20   ch. 1, in 1925, observing that "action should be taken at this

21   time when there is so much agitation against the costliness and

22   delays of litigation . . . these matters can be largely

23   eliminated by agreements for arbitration. . . ."  H.R. Rep. No.

24   68-96, at 2 (1924).

25        Alas.  What started here as a simple dispute about a

26   contract has morphed into this convoluted dispute about

27   arbitration.  After the parties agreed to submit their dispute to

28   arbitration, plaintiff, unhappy with the arbitrators' decision in

                                    1

1  favor of defendant, has petitioned this court to vacate the

2  award.  (Pet. (Docket No. 1); Mot. to Vacate (Docket No. 8).)

3  The matter is now before the court on defendant's motion to

4  dismiss the petition.  (Mot. to Dismiss (Docket No. 12-1).)[1]  So

5  much for eliminating the agitation, costliness and delay of

6  litigation.

7          As the parties are familiar with the factual and

8  procedural background, the court proceeds directly to the

9  parties' arguments.

10  I.   Timely Service (Rule 12(b)(5))

11         As a threshold matter, defendant argues that plaintiff

12  failed to effect proper service pursuant to Federal Rules of

13  Civil Procedure 12(b)(5) and 4(h), thereby creating a

14  jurisdictional bar for the court to consider plaintiff's

15  petition.  (See Mot. to Dismiss at 13-21.)  Specifically,

16  defendant argues that plaintiff's ultimate service upon Rachel

17  Buchner and Keeley Davisworth was defective service.  In support,

18  defendant relies on Rule 4(h)(1)(A), which states in relevant

19  part that a foreign corporation must be served in the manner

20  prescribed by Rule 4(e)(1) for serving an individual.  See Fed.

21  R. Civ. P. 4(h)(1)(A).  (See Mot. to Dismiss at 16-17.)  Rule

22  4(e)(1) in turn states in relevant part that an individual may be

23  served by "following state law for serving a summons in an action

24  brought in courts of general jurisdiction in the state where the

25  district court is located or where service is made."  Fed. R.

26  _____

27         [1]   Meanwhile, defendant has filed a separate petition in a
    separate court to confirm the same arbitration award.  (See
    Docket No. 12-2 Ex. 3.)  Apparently, however, that petition is
28  beyond this court's current purview.

1  Civ. P. 4(e)(1).  Defendant accordingly argues that under Montana

2  law regarding service, which Montana courts construe strictly,

3  neither Ms. Buchner nor Ms. Davisworth belong in the category of

4  persons empowered to accept service.  See Mont. R. Civ. P.

5  4(i)(3).  (See Reply (Docket No. 18) at 14 (citing In re Marriage

6  of Zacher, 98 P.3d 309, ¶¶ 16-17 (Mont. 2004).)

7          Here, however, Rule 4(e)(1) also permits service

8  according to California state law.  See Fed. R. Civ. P. 4(e)(1)

9  (allowing service pursuant to law "in the state where the

10  district court is located . . . .").[2]  Unlike Montana law,

11  California law does not require strict compliance with service

12  requirements.  See Ramos v. Homeward Residential, Inc., 223

13  Cal.App.4th 1434, 1442-43 (Cal. App. 4th Dist. 2014) ("It is

14  axiomatic that strict compliance with the [California] code's

15  provisions for service of process is not required.  [. . .]

16  [S]ubstantial compliance with the code occurs when, although not

17  properly identified in a proof of service, the person to be

18  served in fact actually received the summons.").[3] [4]

19          [2]    See also 1 Moore's Federal Practice - Civil § 4.90 ("If
   . . . the individual is to be served in some other state [than
20  the forum state], process may be served under either the law of
   the state where service is made or the law of the forum state.").
21

22          [3]    See also Days Inns Worldwide, Inc. v. Patel, 445 F.3d
   899, 904 (6th Cir. 2006) (service was effective when it
23  substantially complied with state statute, even though summons
   was mailed by attorney rather than by court clerk as required by
24  statute); Nikwei v. Ross Sch. of Aviation, Inc., 822 F.2d 939,
   943-945 (10th Cir. 1987) (although summons was mailed without
25  request for return receipt, defendant's refusal to accept service
   by certified mail warranted granting of default judgment for
26  plaintiff).

27          [4]    This also accords with the federal rule in this circuit
28  that "[s]o long as a party receives sufficient notice of the

1    Defendant does not argue that it did not have actual
2 notice or that it would be prejudiced by maintaining the action
3 notwithstanding allegedly defective service.  Further, plaintiff
4 demonstrates that its process server tried several times to
5 personally serve Mr. Tony Martel, defendant's president and chair
6 of its board, at his home and at defendant's place of business.
7 (Docket No. 17-4.)  The record shows similar repeated efforts to
8 physically serve defendant's counsel.  (Id.)  Finally, defendant
9 notes that plaintiff "cannot timely effectuate service on
10 [defendant] within the FAA's three-month deadline [to move to
11 vacate a final award]."[5]  (Mot. to Dismiss at 19-20.)  This is
12 clear indication that plaintiff would be severely prejudiced if
13 its petition were dismissed, even if given leave to re-attempt
14 service.  The court therefore concludes that plaintiff has
15 effected substantially satisfactory service.

16    Accordingly, the court will not dismiss plaintiff's
17 petition for failure to properly serve defendant.[6]

18 II.  Subject Matter Jurisdiction (Rule 12(b)(1))

19    Next, defendant argues that this court lacks subject

20

21 complaint, Rule 4 is to be 'liberally construed' to uphold
service."  Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d
22 1132, 1135 (9th Cir. 2009) (quoting Chan v. Soc'y Expeditions,
Inc., 39 F.3d 1398, 1404 (9th Cir. 1994)).

23    [5]   The final award was issued and delivered on October 25,
24 2023.  The deadline to move to vacate was January 25, 2024.  (See
Mot. to Dismiss at 20.)

25    [6]   In its opposition, plaintiff also requests costs
26 associated with service as a sanction for defendant's purported
"evasion of service."  (Opp'n (Docket No. 17) at 17.)  The court
27 declines to do so, as the record does not show any behavior
anywhere near egregious enough to merit sanctions.
28

1  matter jurisdiction over plaintiff's petition pursuant to Federal
2  Rule of Civil Procedure 12(b)(1).

3          The court disagrees.  The court plainly has diversity
4  jurisdiction because the parties are diverse and the amount in
5  controversy exceeds $75,000.[7]  See 28 U.S.C. § 1332.  (See Pet. ¶
6  3.)  See also Badgerow v. Walters, 596 U.S. 1, 9 (2022) ("The
7  issue here is about where a federal court should look to
8  determine whether an action brought under [FAA] Section 9 or 10
9  has an independent jurisdictional basis.  An obvious place is the
10  face of the application itself.  If it shows that the contending
11  parties are citizens of different States (with over $75,000 in
12  dispute), then § 1332(a) gives the court diversity
13  jurisdiction.").  None of defendant's arguments identify any

14

15  ———————————
16          [7]   The final award exceeds $2 million.  (Docket No. 8-3.)
    In addition, plaintiff's petition to vacate the arbitration award
17  pursuant to FAA § 10 is a separate proceeding arising from a
    separate cause of action, not a continuation of the state court
18  action: "[T]he FAA authorizes parties to arbitration agreements
    to file specified actions in federal court -- most prominently,
19  petitions to compel arbitration (under Section 4) and
    applications to confirm, vacate, or modify arbitral awards (under
20  Sections 9 through 11)."  Badgerow, 596 U.S. at 8 (emphasis
    added).  Cf. Merrill Lynch, Pierce, Fenner & Smith, Inc. v.
21  Moore, 171 F. App'x 545, 546 (9th Cir. 2006) ("[T]he FAA
    establishes a cause of action for confirming an arbitration award
22  that is independent of any motion to compel arbitration.  [. . .]
    The district court did not improperly allow Merrill Lynch to
23  remove the case.  As mentioned, under the FAA, a motion to
    confirm an arbitration award is independent of any earlier
24  proceeding to compel arbitration.").  See also Aero Air, L.L.C.
    v. Sino Swearingen Aircraft Corp., No. CV-07-283-ST, 2007 WL
25  9809067, at *3 (D. Or. Mar. 13, 2007) ("Indeed, section 10 of the
    FAA creates a separate cause of action to vacate an arbitration
26  award." (citing Cortez Byrd Chips, Inc. v. Bill Harbert Const.
27  Co., 529 U.S. 193, 200-04 (2000)).

28

1    authority vitiating diversity jurisdiction.[8]

2            Accordingly, the court will not dismiss plaintiff's

3    petition for lack of subject matter jurisdiction.[9]

4    III. <u>Failure to State a Claim (Rule 12(b)(6))</u>

5            Section 10 of the Federal Arbitration Act ("FAA"), 9

6    U.S.C. ch.1, provides the exclusive grounds for a federal court

7    to vacate arbitration awards.  <u>Hall Street Associates, L.L.C. v.</u>

8    <u>Mattel, Inc.</u>, 552 U.S. 576, 584 (2008).  Pursuant to Section 10,

9    the court now examines whether plaintiff's petition has alleged

10   sufficient facts to secure the relief that it requests: (1)

11   vacation of the entire arbitration award due to allegations of

12   the panel's partiality; or (2) in the alternative, vacation of

13   the panel's award of attorneys' fees to defendant.  (<u>See</u> Pet. at

14   3-4.)

15       A.   <u>Partiality (FAA § 10(a)(2))</u>[10]

16   _____

17       [8]   Contrary to defendant's representations, the parties'
     joint stipulation to arbitrate contains no waiver of federal
18   jurisdiction.  (<u>See</u> Docket No. 17-3 ¶ 9 ("Martel and Drum Lodge
     will <u>report</u> to the [State] Court as soon as the final arbitration
19   award is issued in this matter or, as the Court directs, Martel
     and Drum Lodge will provide the Court with periodic updates
20   regarding the status of the arbitration process.") (emphasis
     added).)

21
         [9]   Defendant alternatively requests that the court decline
22   jurisdiction pursuant to <u>Colorado River Water Conservation Dist.</u>
     <u>v. United States</u>, 424 U.S. 800 (1976).  The court will not do so,
23   as plaintiff's lack of a guarantee to be heard in state court
     conclusively tilts the <u>Colorado River</u> analysis in favor of this
24   court retaining jurisdiction.

25       [10]   Defendant somewhat confusingly styles its partiality
26   argument as a partial dismissal under Rule 12(b)(6) and its
     attorneys' fees argument as an argument on the merits.  However,
27   the court's inquiry regarding either argument is the same: Has
     plaintiff alleged sufficient facts to state a claim for relief?
28

                                    6

1        Under FAA § 10(a)(2), a federal court may vacate an

2    arbitration award "where there was evident partiality or

3    corruption in the arbitrators, or either of them."  9 U.S.C. §

4    10(a)(2).  However, the Ninth Circuit has held that "a party with

5    constructive knowledge of potential partiality of an arbitrator

6    waives its right to challenge an arbitration award based on

7    evident partiality if it fails to object to . . . his failure to

8    make disclosures until after an award is issued."  <u>Fidelity</u>

9    <u>Federal Bank, FSB v. Durga Ma Corp.</u>, 386 F.3d 1306, 1313 (9th

10   Cir. 2004).

11       Plaintiff's petition alleges that the panel's

12   partiality was evident from a May 2, 2023 conversation between

13   the panel and defendant's counsel, which plaintiff's counsel also

14   overheard.[11]  (Pet. ¶¶ 15-16.)  However, plaintiff's petition

15   fails to allege that plaintiff raised any partiality objections,

16   in any form, at any point before the panel issued its final award

17   on October 25, 2023.  Indeed, plaintiff's opposition effectively

18   concedes that its petition to vacate, which it filed on January

19   17, 2024, is the first such objection.  (<u>See</u> Opp'n at 37-39 &

20   n.7.)

21       Plaintiff accordingly fails to allege sufficient facts

22   for the court to vacate the entire arbitration award pursuant to

23   FAA § 10(a)(2), and the court will not do so.

24       B.   <u>Attorneys' Fees (FAA § 10(a)(4))</u>

25

26       [11]   In its opposition, plaintiff argues that the evident
     partiality was revealed by the adverse decision itself, thereby
27   precluding plaintiff from making an otherwise timely objection.
     (<u>See</u> Opp'n at 36-39.)  This merely begs the question.
28

1    A district court may vacate an arbitration award under

2   FAA § 10(a)(4) only where "the arbitrators exceeded their powers,

3   or so imperfectly executed them that a mutual, final, and

4   definite award upon the subject matter submitted was not made." 9

5   U.S.C. § 10(a)(4).  See also Kyocera Corp. v. Prudential-Bache

6   Trade Servs., Inc., 341 F.3d 987, 1002-03 (9th Cir. 2003)

7   (Section 10(a)(4) "provides for vacatur only when arbitrators

8   purport to exercise powers that the parties did not intend them

9   to possess or otherwise display a manifest disregard for the

10   law."); Lagstein v. Certain Underwriters at Lloyd's, London, 607

11   F.3d 634, 641 (9th Cir. 2010) (to vacate an arbitration award for

12   manifest disregard, "[i]t must be clear from the record that the

13   arbitrators recognized the applicable law and then ignored it")

14   (quoting Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co., 44 F.3d

15   826, 832 (9th Cir. 1995)).  Thus, "[i]t is not enough for

16   petitioners to show that the panel committed an error -- or even

17   a serious error."  Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,

18   559 U.S. 662, 671 (2010).

19    Accordingly, the court examines only whether the panel

20   demonstrated "manifest disregard for the law."  Kyocera Corp.,

21   341 F.3d at 1002-03.  It makes no inquiries into the soundness of

22   the panel's decision.

23    Upon review of the panel's Interim Decision and Final

24   Award (Pet. Ex. 2), the court concludes that no such "manifest

25   disregard for the law" influenced the panel's award.  The panel

26   explains at length the facts and authorities that it relies upon

27   to justify an award of attorneys' fees, and explains why it

28   believes an award of attorneys' fees is reconcilable with the

1    parties' underlying contract, which proscribes them.[12]

2            Plaintiff accordingly fails to allege sufficient facts

3    for the court to vacate the panel's award of attorneys' fees

4    pursuant to FAA § 10(a)(4), and the court declines to do so.

5        C.   No Leave to Amend

6            Courts commonly consider four factors when deciding

7    whether to grant leave to amend under Rule 15(a): bad faith,

8    undue delay, prejudice, and futility of amendment.   Roth v.

9    Marquez, 942 F.2d 617, 628 (9th Cir. 1991).   Because Rule 16(b)'s

10   "good cause" inquiry essentially incorporates the first three

11   factors, if a court finds that good cause exists, it should then

12   deny leave to amend only if such amendment would be futile.

13           Here, the court concludes that amendment would be

14   futile.   Plaintiff concedes that it did not object to the ex

15   parte communication between defendant's counsel and the panel

16   until after the arbitration ended.   The court cannot contemplate

17   any additional allegations which might vitiate such a plainly

18   effected waiver.

19           As to the attorneys' fee award, the panel's Final Award

20

21        [12]   In its Final Award, the panel noted that (1) the
     parties' contract includes an arbitration agreement that
22   incorporates the Construction Rules; (2) Construction Rule 48
     provides that the panel may grant "an award of attorneys' fees if
23   all parties have requested such an award"; (3) the panel asked
     the parties at the conclusion of arbitration whether each side
24   was in fact seeking fees, to which both parties said yes; and (4)
     both parties then agreed to a proposed two-step briefing schedule
25   where the parties would first brief the merits of their
     positions, then brief the issue of attorneys' fees after an
26   interim decision is rendered.   (Docket No. 1-2 at 18-20.)

27

28
                                9

1   decision conclusively negates any argument that the panel acted

2   in "manifest disregard for the law" for the reasons discussed

3   above.  The court again cannot contemplate any additional

4   allegations from outside the four corners of the panel's decision

5   that would disturb this conclusion.

6        IT IS THEREFORE ORDERED that defendant's motion to

7   dismiss plaintiff's petition to vacate arbitration award (Docket

8   No. 12) be, and the same hereby is, GRANTED.  Plaintiff's

9   petition to vacate (Docket No. 1) is DISMISED with prejudice.[13]

10  Dated:  April 3, 2024

11  _____

    WILLIAM B. SHUBB

12  UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27        [13]   Plaintiff's accompanying motion to vacate the
    arbitration award (Docket No. 8) is also DENIED.

28

10