UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DRUM LODGE, LLC, | No. 2:24-cv-00219 WBS JDP |
| Plaintiff, | |
| v. | ORDER RE: BILL OF COSTS |
| MARTEL CONSTRUCTION, INC., | |
| Defendant. | |

----oo0oo----

On April 4, 2024, the court dismissed plaintiff's petition to vacate the arbitration award with prejudice. (Docket No. 20.) On April 15, 2024, defendant submitted a Bill of Costs pursuant to Local Rule 292(b). (Docket No. 22.) Defendant claims costs of $300 for pro hac vice application filing fees. (Id.) Plaintiff has not objected to the costs pursuant to Local Rule 292(c), and the time to do so has passed.

Federal Rule of Civil Procedure 54(d)(1) governs the taxation of costs and provides that "costs -- other than attorney's fees -- should be allowed to the prevailing party."

1

Fed. R. Civ. P. 54(d)(1).  28 U.S.C. § 1920 enumerates which costs are taxable and allows for the recovery of "[f]ees of the clerk and marshal."  28 U.S.C. § 1920(1).  "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded."  Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).

After reviewing defendant's Bill of Costs, and in light of the fact that plaintiff has not objected, the court finds that defendant's claimed costs of $300 are reasonable here.

Accordingly, costs in the sum of $300 will be taxed against plaintiff.

IT IS SO ORDERED.

Dated: May 2, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE