UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DRUM LODGE, LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>MARTEL CONSTRUCTION, INC.,<br><br>            Defendant. | No. 2:24-cv-00219 WBS JDP<br><br>ORDER RE: MOTION FOR AWARD OF ATTORNEYS' FEES |

----oo0oo----

On April 4, 2024, the court dismissed with prejudice plaintiff Drum Lodge, LLC's petition to vacate an arbitration award in defendant Martel Construction, Inc.'s favor. (Order (Docket No. 20).) This closed the case. Drum Lodge then filed a notice of appeal, which appeal is currently pending. (Docket Nos. 23, 24.) Now, Martel moves for its attorneys' fees incurred to successfully defend against Drum Lodge's failed petition to vacate. (Mot. (Docket No. 27-1).)

Courts have discretion to defer ruling on a motion for attorney's fees or to deny the motion without prejudice while an

1

1  appeal is pending.  Fed R. Civ. P. 54(d)(2) advisory committee's
2  note to 1993 amendment ("If an appeal on the merits of the case
3  is taken, the court may rule on the claim for fees, may defer its
4  ruling on the motion, or may deny the motion without prejudice,
5  directing under subdivision (d)(2)(B) a new period for filing
6  after the appeal has been resolved."); see also People for
7  Ethical Treatment of Animals, Inc. v. Los Angeles Cnty. Metro.
8  Transit Auth., No. 221CV07662SSSMAAX, 2023 WL 6369702, at *2
9  (C.D. Cal. Mar. 17, 2023); Planet Aid, Inc. v. Reveal, Ctr. for
10 Investigative Reporting, No. 17-CV-03695-MMC, 2021 WL 4051420, at
11 *2 (N.D. Cal. Aug. 27, 2021); Stillwater Ltd. v. Basilotta, No.
12 2:16-CV-1895-SK, 2021 WL 7285989, at *1 (C.D. Cal. Oct. 12,
13 2021); Freeman Inv. Mgmt. Co., LLC v. Frank Russell Co., No. 13-
14 CV-2856 JLS (RBB), 2017 WL 11420268, at *1 (S.D. Cal. Feb. 9,
15 2017).
16         "[I]f the claim for fees involves substantial issues or
17 is likely to be affected by the appellate decision, the district
18 court may prefer to defer consideration of the claim for fees
19 until after the appeal is resolved."  Fed. R. Civ. P. 58 advisory
20 committee's note to 1993 amendment; see also G.P.P., Inc. v.
21 Guardian Prot. Prod., Inc., No. 1:15-CV-00321 SKO, 2018 WL 932087
22 (E.D. Cal. Feb. 16, 2018) (citing same re: exercise of such
23 discretion).
24         Such is the case here: Drum Lodge's pending appeal is
25 centrally related to the propriety of awarding attorneys' fees in
26 relation to Drum Lodge's petition to vacate the arbitration
27 award.  The order from which the pending appeal has been taken
28 granted Martel's motion to dismiss Drum Lodge's petition, thereby

deeming Martel the prevailing party.  (See generally Order.)  The court also reviewed and subsequently left undisturbed the arbitration panel's award of attorneys' fees to Martel under the "manifest disregard for the law" standard.  (Id.)  Both determinations are central to Martel's instant motion for fees, such that if either determination were to be reversed on appeal, Martel's current motion would likely be rendered moot.  In addition, regardless of whichever party prevails on appeal, additional fee motions are likely to follow.

Accordingly, in the interest of judicial efficiency and pursuant to its discretion to do so, the court concludes that any motion for attorneys' fees is best adjudicated on the merits following a final resolution of Drum Lodge's appeal.[1]

IT IS THEREFORE ORDERED that Martel's motion for award of attorneys' fees (Docket No. 27) be, and the same hereby is, DENIED without prejudice to renewal upon the final resolution of

///

---

[1] See, e.g., Dufour v. Allen, No. 2:14-cv-5616 CAS (SSx), 2015 WL 12819170, at *2 (C.D. Cal. Jan. 26, 2015) (finding, after "distributing a lengthy tentative order" and hearing oral argument, that "the best course of action is to defer ruling on the [motions for attorney's fees] until the resolution of [the plaintiff's] appeal"); Harrell v. George, No. 2:11-cv-00253-MCE DAD PS, 2012 WL 5906659, at *1 (E.D. Cal. Nov. 26, 2012) (deferring attorney's fees motion by defendant who prevailed on successful motion to strike pending appeal before the Ninth Circuit); Sovereign Gen. Ins. Servs., Inc. v. Scottsdale Ins. Co., No. 2:05-cv-00389 MCE DAD, 2008 WL 5381813, at *1 (E.D. Cal. Dec. 23, 2008) (denying motion for attorney's fees without prejudice to renewal following disposition of the matter on appeal); Flores v. Emerich & Fike, No. 1:05-CV-0291 OWW DLB, 2007 WL 963282, at *7 (E.D. Cal. Mar. 29, 2007) (same); Lasic v. Moreno, No. 2:05-cv-0161 MCE DAD, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007) (same re: bill of costs).

Drum Lodge's currently pending appeal (Docket Nos. 23, 24).

Dated: June 4, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4